### PERRY et al. v. BOOMHAUER.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

CHANGE OF VENUE—CONVENIENCE OF WITNESS—PLACE OF CONTRACT.
  Where it is plainly apparent that the convenience of witnesses will be promoted by a change of the place of trial, the fact that the contract was made in the county in which a trial is claimed is insufficient to justify a denial of a motion made for change of venue.

Appeal from special term, New York county.

Action by William B. Perry and another against Albert D. Boomhauer. From an order denying a motion to change the place of trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Shedden & Booth,* for appellant. *Wing, Shoudy & Putnam,* for respondents.

VAN BRUNT, P. J. It would seem that this motion should have been granted. The fact that it may be necessary for the defendant to examine the

most, if not all, the witnesses named by him seems to be conceded by the learned judge below, as he has provided as a condition of the denial of the motion that the plaintiff should stipulate to take the evidence of defendant's witnesses in the county in which they live. It is undoubtedly true that the place of the contract should have an important bearing in the determination of the question of a change of venue, but it should not necessarily control. Where it is plainly apparent that the convenience of witnesses will be promoted by a change of the place of trial, the fact that the contract was made in the county in which a trial was claimed by the plaintiff should not lead to a denial of a motion to change such place of trial. We think, therefore, in the case at bar, that the motion should have been granted. The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted.